[Cite as *State v. Strebler*, 2013-Ohio-1775.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26405 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM STREBLER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 11 08 2149 |

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

HENSAL, Judge.

{¶1} William Strebler appeals his conviction in the Summit County Common Pleas Court for operating a vehicle under the influence of alcohol or drugs. For the following reasons, this Court affirms.

I.

{¶2} On June 10, 2011, Richard Salster and Raymond Motil were in adjacent lanes at the intersection of Waterloo Road and Brown Street in Akron, Ohio when Mr. Strebler drove his car between their trucks, damaging Mr. Motil's truck. According to the men, when Mr. Strebler got out of his car, he was not wearing any shoes. He was also a little "rowdy," causing the men to think that he was intoxicated. When Officer Garry Ivey arrived, he learned what had happened from Mr. Salster and Mr. Motil and also their suspicions about Mr. Strebler's condition. He asked Mr. Strebler to write down how the crash happened, but the statement Mr. Strebler produced was largely incomprehensible and ended with the word "bowflex." Officer

Ivey did not see any evidence that Mr. Strebler struck his head during the collision and Mr. Strebler told him that he was uninjured, so he had Mr. Strebler perform three standardized field sobriety tests. After noticing multiple indicators of impairment during two of the tests, he arrested Mr. Strebler for operating under the influence.

{¶3} According to Officer Ivey, Mr. Strebler fell asleep in the back of his cruiser while he was waiting to be transported to the police station. He testified that it was unusual for someone to fall asleep shortly after they have been arrested. When they got to the station, Officer Deborah Stalnaker administered a breathalyzer test on Mr. Strebler. The test showed that Mr. Strebler did not have any alcohol in his system. When she asked him if he had taken any drugs or medication, he answered that he was on tramadol and oxycodone to alleviate chronic pain. The officers, therefore, arranged for his blood and urine to be tested. Officer Stalnaker also administered several more sobriety tests and noted many additional signs of impairment.

{¶4} The blood test showed that Mr. Strebler had both medications in his system at the time of the accident. The Grand Jury subsequently indicted him for operating under the influence of drugs or alcohol under Revised Code Section 4511.19(A) and failing to maintain an assured clear distance under Section 4511.21. At a trial to the bench, Mr. Strebler admitted that he did not maintain an assured clear distance. He testified that the reason he was so disoriented following the collision, however, was because he had suffered a concussion. Because he did not submit any medical records or expert testimony to support his claim and there was no other evidence that he had hit his head, the trial court found his explanation not credible. It found him guilty of the offenses, and sentenced him to two years imprisonment. Mr. Strebler has appealed, assigning two errors, which we have reordered for ease of consideration.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S CRIMINAL RULE 29 MOTION.

**{¶5}** Mr. Strebler argues that the trial court should have granted his motion for judgment of acquittal because there was no evidence that he was impaired at the time of the collision. Under Rule 29(A) of the Ohio Rules of Criminal Procedure, a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, ¶ 33. This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it could have convinced the average finder of fact of Mr. Strebler's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶6}** Under Section 4511.19(A)(1)(a), "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Mr. Strebler does not contest that his prescription medications qualify as drugs of abuse under Section 4511.19. This Court has explained that:

> In DUI prosecutions, the state is not required to establish that a defendant was actually impaired while driving, but rather, need only show an impaired driving ability. *State v. Zentner*, 9th Dist. No. 02CA0040, 2003-Ohio-2352, at ¶ 19, citing *State v. Holland* (Dec. 17, 1999), 11th Dist. No. 98-P-0066. 'To prove impaired driving ability, the state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired.' *Holland*, [supra], citing *State v. Richards* (Oct. 15, 1999), 11th Dist. No. 98-P-0069[.] Furthermore, '[v]irtually any lay witness, without special

qualifications, may testify as to whether or not an individual is intoxicated.' *Zentner* at ¶ 19, quoting *State v. DeLong*, 5th Dist. No. 02CA35, 2002-Ohio-5289, at ¶ 60.

*State v. Strebler*, 9th Dist. No. 23003, 2006-Ohio-5711, ¶ 7, quoting *State v. Slone*, 9th Dist. No. 04CA0103-M, 2005-Ohio-3325, ¶ 9. "While the above reasoning is typically applied to alcohol consumption, * * * it [is] equally applicable to determining whether an individual is under the influence of a drug of abuse." *Id*.

{¶7} According to Mr. Strebler, even if he appeared to be impaired following the accident, it was because he hit his head on a window during the collision. He argues that the State did not present any evidence that he was impaired before the accident. He contends that the reason he did not notice the trucks stopped at the intersection was because he had just visited his dying mother and was distracted thinking about her. He notes that, when he realized that he would not be able to stop in time, he successfully maneuvered his car between the two trucks to lessen the effects of the collision. He also argues that, at trial, he was on the exact same medication as he was on the day of the accident and was not impaired at all. He notes that the court, in fact, found that his "demeanor and mode of speech causes the court to conclude that he is a highly articulate and intelligent individual."

{¶8} A toxicologist testified that, based on the amount of medication that was in Mr. Strebler's blood, whether it impaired him depended on his tolerance to the drugs. According to the toxicologist, one individual with that level of drugs in his blood might be "completely normal," while another "would be passed out." He also noted that whether the two drugs which were present in Mr. Strebler's system at the time would impair someone would depend on how the drugs interacted with each other in the particular individual.

{¶9} Viewing the evidence in a light most favorable to the State, we conclude that it presented sufficient evidence for the trial court to find that Mr. Strebler operated a vehicle under

the influence of a drug of abuse. Mr. Strebler does not dispute that he was impaired following the accident. According to Officer Ivey, he did not see any obvious signs of injury on Mr. Strebler after the collision. Mr. Strebler also said that he did not need medical attention. It, therefore, was reasonable for the trial court to find that Mr. Strebler was as impaired before the collision as he was after it. The toxicologist testified that the level of drugs in Mr. Strebler's blood would in some instances impair an individual's ability to operate a motor vehicle. Accordingly, there was some evidence that Mr. Strebler was under the influence of a drug of abuse at the time of the accident. The trial court correctly denied his motion for judgment of acquittal. Mr. Strebler's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IS AGAINST THE WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY THE EVIDENCE.

{¶10} Mr. Strebler also argues that his conviction for operating under the influence under Revised Code 4511.19 is against the manifest weight of the evidence. When reviewing manifest weight, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (1986).

{¶11} Mr. Strebler argues that the State failed to demonstrate that any impairment that he experienced was because of the drugs he was taking as opposed to his head injury, lack of sleep, and the anxiety that he had before and following the accident. He testified that the reason

he kept falling asleep while in police custody was because he had a concussion and his chronic back pain prevents him from attaining sufficient uninterrupted sleep.

{¶12} In its decision, the trial court explained that, "[g]iven an evaluation of the manner in which [Mr. Strebler] testified and the content of that testimony, the court finds [his] explanations for his condition (namely his alleged inability to write, his lack of sleep, his being distraught, and his suffering of a concussion) to be not credible." Based on the record that is before this Court, we are unable to say that the trial court clearly lost its way when it found that it was Mr. Strebler's medication, not other circumstances, that impaired his ability to operate a motor vehicle. In particular, we note that, at the police station, despite telling Officer Stalnaker about injuries that he had suffered many years earlier, Mr. Strebler insisted that he not presently in need of any medical attention. His first assignment of error is overruled.

III.

{¶13} Mr. Strebler's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING.

{¶14} I concur. With respect to Mr. Strebler's second assignment of error, I agree that it is properly overruled. A review of a Crim.R. 29 motion involves examining the sufficiency of the State's evidence. *See, e.g., State v. Nurse,* 9th Dist. No. 26363, 2013-Ohio-785, ¶ 4. That evidence, when viewed in a light most favorable to the State, was sufficient to sustain a conviction. Thus, I concur.

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.