[Cite as *Cleveland v. Turner*, 2013-Ohio-3145.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99183

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## GENE E. TURNER, II

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART,
### REVERSED IN PART,
### AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012-TRC-030650

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Dale M. Hartman
2195 South Green Road
University Heights, Ohio   44121


**ATTORNEYS FOR APPELLEE**

Victor R. Perez
Chief Assistant Prosecutor
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio 44114

Bridget E. Hopp
Assistant City Prosecutor
City of Cleveland
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Gene E. Turner, II ("Turner") appeals a judgment from the Cleveland Municipal Court finding him guilty of two counts of driving under the influence ("DUI") and one count of impeding the flow of traffic. We find some merit to the appeal, affirm in part, and reverse in part.

{¶2} Turner was charged with two counts of DUI in violation of Cleveland Codified Ordinances ("CCO") 433.01(a)(1) and one count of impeding the flow of traffic in violation of CCO 433.04. At trial, Officer Andrew Williams ("Williams") and his partner, Officer Charles Moton ("Moton"), testified that they were traveling westbound on Woodland Avenue near East 40th Street in Cleveland, when they observed Turner's vehicle blocking the westbound lanes. The car was stopped in the middle of the road even though there was no stop sign or stoplight requiring the vehicle to be stopped. As Williams approached the driver's side of the car, he noticed the driver's door was open and Turner was seated in the driver's seat, making car noises and moving the steering wheel as if he were driving. The ignition was off, but the keys were in the ignition.

{¶3} Williams continually asked Turner if he was okay, but he was incoherent, disoriented, and did not know where he was. Williams observed Turner's eyes "bouncing up and down," which he explained is indicative of drug use. The officers attempted to have Turner exit the vehicle in order to perform field sobriety tests.

However, because he was unable to follow directions and was unable to stand on his own, the officers arrested him for DUI and transported him to the central jail for a chemical test. The officers believed Turner was under the influence of drugs as opposed to alcohol because he had only a slight odor of alcohol but appeared to be intoxicated. At the jail, Turner refused to provide a urine sample despite numerous requests over a period of at least an hour.

{¶4} Turner, who testified on his own behalf, asserted that someone else parked his car and left it in the road. This unnamed individual asked Turner to help him get the car started and Turner was trying to start the car when the police arrived on the scene. Turner denied that the police offered him field sobriety tests, that he was unable to stand on his own, or that he was unable to answer the officer's questions. He also testified that the police only afforded him 20 minutes to produce a urine sample for the chemical test.

{¶5} The court found Turner guilty as charged. The court merged the two counts of DUI and sentenced Turner to 180 days in jail and suspended 160 days. The court also imposed a $1,675 fine for the DUI and a fine of $75 for impeding the flow of traffic. The court suspended $1,100 of the DUI fine. This appeal followed.

{¶6} In his sole assignment of error, Turner argues his convictions are against the manifest weight of the evidence. A manifest weight challenge questions whether the prosecution met its burden of persuasion at trial. *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). When a defendant asserts that a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh

the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

{¶7} Turner was convicted of operating a motor vehicle under the influence of a drug of abuse in violation of CCO 433.01(a)(1), which states: "No person shall operate any vehicle * * * within this state, if, at the time of the operation * * * [t]he person is under the influence of * * * a drug of abuse." A violation of CCO 433.01(a)(1) constitutes a violation of R.C. 4511.19(A)(1), which has identical language. *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542. Therefore, to prove beyond a reasonable doubt that Turner operated his car while under the influence of a drug of abuse, the city of Cleveland was required to prove that Turner's faculties were impaired by the consumption of a drug of abuse. *State v. Collins,* 9th Dist. 11CA0027, 2012-Ohio-2236.

{¶8} A "drug of abuse" is defined, in relevant part, as "any controlled substance * * *, any harmful intoxicant * * *, and any dangerous drug." R.C. 3719.011(A). A "controlled substance" is defined as "a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V [of R.C. 3719.41]." R.C. 3719.01(C). A "dangerous drug," is defined as "any drug" which, under the Federal Food, Drug, and Cosmetic Act, is required to bear a label containing the warning "Caution: Federal law

prohibits dispensing without prescription"; or "any drug" which, under R.C. Chapters 3715 or 3719, "may be dispensed only upon a prescription." R.C. 4729.01(F)(1)(a) and (b).

{¶9} R.C. 2925.01(I) defines "harmful intoxicant" as:

(1) Any compound, mixture, preparation, or substance the gas, fumes, or vapor of which when inhaled can induce intoxication, excitement, giddiness, irrational behavior, depression, stupefaction, paralysis, unconsciousness, asphyxiation, or other harmful physiological effects, and includes, but is not limited to, any of the following:

(a) Any volatile organic solvent, plastic cement, model cement, fingernail polish remover, lacquer thinner, cleaning fluid, gasoline, or other preparation containing a volatile organic solvent;

(b) Any aerosol propellant;

(c) Any fluorocarbon refrigerant;

(d) Any anesthetic gas.

(2) Gamma Butyrolactone;

(3) 1,4 Butanediol.

{¶10} In DUI cases involving a drug of abuse where there is no physical evidence such as urine or blood test results to establish the presence of a drug of abuse, courts are limited to circumstantial evidence. In general, circumstantial evidence and direct evidence possess the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus. In some instances, certain facts can only be established by circumstantial evidence. *Id.* In other cases, circumstantial evidence may

not be enough to prove the defendant's guilt beyond a reasonable doubt and direct evidence is necessary.

{¶11} To assist police in obtaining direct evidence of drug abuse, the legislature enacted R.C. 4511.191(A)(5)(a), which authorizes law enforcement to "employ whatever reasonable means are necessary to ensure that the person submits to a chemical test of the person's whole blood or blood serum or plasma." Notably, the statute does not require chemical test results in order to obtain a conviction. Therefore, convictions may still be obtained in the absence of blood or urine tests, if there is sufficient credible evidence to sustain the conviction.

{¶12} Although Turner argues his conviction is against the manifest weight of the evidence, we reverse Turner's DUI conviction on sufficiency grounds. "The court cannot weigh the evidence unless there is evidence to weigh." *State v. Samples*, 9th Dist. No. 12CA0051-M, 2013-Ohio-986. In this regard, *State v. Collins*, 9th Dist. No. 11CA0027, 2012-Ohio-2236, is instructive.

{¶13} In *Collins*, the Ninth District reversed the defendant's DUI conviction on grounds that the state failed to present sufficient evidence that Collins operated his vehicle while under the influence of a drug of abuse. Although the defendant was unable to perform any field sobriety tests and his eyes exhibited telltale signs of recent drug use, there was no evidence to establish a nexus between the defendant's impaired condition and any type of drug abuse.[1] Id. at ¶ 20. In reversing the conviction, the court explained:

---

[1] The defendant in *Collins* provided the police with a blood sample for

In this case, the State failed to present sufficient evidence that Collins operated his vehicle while under the influence of a drug of abuse. While R.C. 4511.19(A)(1)(a) does not require the State to prove specific blood concentration levels, it does require the State to do more than prove impairment in a vacuum. R.C. 4511.19(A)(1)(a) specifically requires that the State demonstrate that the source of the defendant's impairment was "alcohol, a drug of abuse, or a combination of them." As neither officer who testified on behalf of the State detected that Collins was under the influence of alcohol, it was necessary for the State to demonstrate that Collins was under the influence of a "drug of abuse" as defined by the Revised Code. While the State relies on this Court's decisions in [*State v. Strebler,* 9th Dist. No. CA2645, 2013-Ohio-1775], in support of its position that the observations of officers were adequate to establish that Collins was under the influence of a drug of abuse, we find the facts of this case distinguishable from the circumstances at issue in *Strebler.* First, and perhaps most significantly, the defendant in *Strebler* admitted to the arresting officer that he was using Methadone, a Schedule II controlled substance. *Strebler* at ¶ 12. In addition to making this admission, the defendant produced a prescription bottle from his pocket, and directed the

---

testing, but the blood sample was lost in the mail and was unavailable for trial.

arresting officer to a second prescription bottle in his car. *Id.* In this case, however, Collins consistently denied being under the influence of a drug of abuse and there was no evidence that prescription bottles, or any other type of drug paraphernalia, was discovered on Collins' person or in his vehicle. Thus, while this Court was able to conclude in *Strebler* that it was "undisputed" that the defendant was under the influence of Methadone, the officer's testimony in this case did not establish that Collins was under the influence of a drug of abuse. *Id.* at ¶ 16.

{¶14} In this case, police observed Turner sitting in the driver's seat with the keys in the ignition, making noises and pretending to drive the car. His vehicle was stopped in the middle of the road and was blocking two lanes of traffic. He was incoherent, unable to stand on his own, and was unable to perform field sobriety tests. His eyes exhibited a vertical nystagmus, which the officers testified is indicative of drug abuse. The state proved that Turner was impaired. However, the state failed to prove that Turner's impairment was caused by a drug of abuse. Like *Collins*, there were no drugs found in the vehicle or on Turner's person. Although Turner admitted that he had taken some medication, he did not identify the medication by name. It could have been aspirin. Therefore, because the state failed to prove a nexus between Turner's impaired condition and a drug of abuse, Turner's DUI conviction is against the manifest weight of the evidence because there was insufficient evidence.

**{¶15}** Turner was also convicted of impeding the flow of traffic in violation of CCO 433.04, which states: "No person shall stop or operate a vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with law." R.C. 4511.01(HHH) defines the term "operate" as "to cause or have caused movement of a vehicle * * * ." At trial, Turner conceded that the vehicle was in the middle of the roadway and needed to be moved. Although he denied that he drove the vehicle into the road, the court obviously did not find his testimony credible. The circumstantial evidence established that he operated the vehicle and parked it in position that blocked the flow of traffic. Therefore, the manifest weight of the evidence supports Turner's impeding the flow of traffic violation.

**{¶16}** The sole assignment of error is sustained in part and affirmed in part.

**{¶17}** Judgment is affirmed in part, reversed in part, and remanded to the trial court to vacate the DUI conviction.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR