[Cite as *State v. Husted*, 2014-Ohio-4978.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA3447 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BRANDY HUSTED, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/4/2014** |

APPEARANCES:

Chase R. Carter, Chillicothe, Ohio, for appellant.

Sherri K. Rutherford, Chillicothe Law Director, and Carrie L. Rowland, Chillicothe Assistant Law Director, for appellee.

Harsha, J.

{¶1}    A jury trial convicted Brandy Husted of physical control in violation of R.C. 4511.194(B)(1), a misdemeanor of the first degree.  After sentencing her, the Chillicothe Municipal Court denied Husted's Crim.R. 29 motion for judgment of acquittal.  On appeal Husted asserts that the trial court erred in denying her motion for judgment of acquittal.  We agree.

{¶2}    The state failed to present sufficient evidence that Husted was in physical control of a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them.  More specifically, there was no evidence that Husted's observed condition resulted from being the influence of a drug of abuse—a controlled substance, dangerous drug, or over-the-counter medication that, when taken in quantities exceeding the recommended dosage, can result in impairment of judgment or reflexes.  In fact, there was no evidence about what specific drug she had consumed.  Therefore,

we sustain Husted's assignment of error, reverse the judgment of the trial court, and remand the cause to the trial court to vacate the conviction and sentence.

## I. FACTS

{¶3} At approximately 12:45 a.m. Chillicothe Police Officer Micah Shanks was dispatched to a gas station/convenience store in Chillicothe to check on a person parked in an SUV in front of the store. When Officer Shanks approached the vehicle, he saw Husted in the driver's seat and noticed she was "nodding off" and "not quite awake." No one else was in the vehicle, and the keys were on the front passenger seat within Husted's reach. When Officer Shanks got Husted's attention, she said that she needed to check on her child in the passenger seat, but there was no child in the vehicle. He then asked Husted what time it was, and she responded that it was 6:00 P.M. even though it was actually almost 1:00 a.m. After a delay of several seconds, Husted was able to tell the officer that she was at the Valero gas station.

{¶4} Officer Shanks then asked Husted to step out of the vehicle and when she complied, he observed a small cut-off straw that fell onto her seat from her lap. According to the officer, that raised his suspicion and he advised Husted of her Miranda rights before continuing to question her. He asked her whether she had been snorting any drugs and she said that she had. She did not, however, ever say what type of drug she had consumed and only specified that it was not methamphetamine or cocaine. According to the officer, he believed that Husted was impaired because she had very slurred speech and red, bloodshot eyes, was very unsteady on her feet, didn't know what time it was, and had a hard time figuring out where she was. Officer Shanks escorted Husted to the jail, where she refused to take field sobriety tests or a urine test.

She then passed out in a cell. The officer did not send the straw to be tested for a drug residue.

{¶5}  On that same date Officer Shanks filed a complaint in the Chillicothe Municipal Court in the form of a uniform traffic ticket charging Husted with physical control in violation of R.C. 4511.194, a misdemeanor of the first degree. Husted received appointed counsel and entered a plea of not guilty to the charge.

{¶6}  During her jury trial only Officer Shanks testified. At the conclusion of the state's case, Husted moved for judgment of acquittal under Crim.R. 29 because there was no testimony that she was under the influence of alcohol or any drug of abuse. After the trial court denied the motion, the parties stipulated that there was no evidence of alcohol and the case was submitted—on the charge that she was in physical control of a vehicle while under the influence of a drug of abuse—to the jury, which returned a guilty verdict. That same day the trial court pronounced its sentence.

{¶7}  Within the applicable period Husted renewed her oral motion for judgment of acquittal by written motion, and the state submitted a response. The trial court denied the motion. In its decision, the trial court stated:

> It is true that the state did not present evidence of a specific drug of abuse ingested by the defendant, but the court is satisfied there was sufficient circumstantial evidence that the defendant was impaired by a drug of abuse. The evidence presented at trial established that when the defendant was found in her vehicle, she was confused about where she was, who she was with, and what time it was. She admitted to snorting drugs, and a short cut-off straw, commonly used for snorting drugs of abuse, was found in her lap. She had slurred speech, red blood-shot eyes, and was very unsteady on her feet. She made strange, non-sensical [sic] statements to the officer. When she arrived at the jail, she passed out.
>
> These circumstances are consistent not only with the ingestion of drugs of abuse, but also with the commonly known effects of certain drugs

of abuse on the human body. The jurors might reasonably have inferred, therefore, that the defendant had consumed a drug of abuse and that she was under its influence. Because the evidence was sufficient to sustain a conviction, the defendant's motion for judgment of acquittal is overruled.

{¶8} This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶9} In her sole assignment of error, Husted assigns the following error:

1. The trial court erred in overruling the Appellant's Motion for Acquittal brought properly under Ohio Criminal Rule 29.

## III. STANDARD OF REVIEW

{¶10} Under Crim.R. 29(A), "[t]he court on motion of a defendant or its own motion, after the evidence on either side is closed, shall order the entry of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." "If a jury returns a verdict of guilty * * *, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged * * *." Crim.R. 29(C). "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37; *State v. Kessinger*, 4th Dist. Highland No. 13CA25, 2014-Ohio-2496, ¶ 14.

{¶11} "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court must defer to the trier of fact on questions of credibility and the weight assigned to the evidence. *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.2d 818, ¶ 132.

### IV. LAW AND ANALYSIS

**{¶12}** In her sole assignment of error Husted asserts that the trial court erred in denying her motion for judgment of acquittal. Husted was convicted of physical control in violation of R.C. 4511.194(B)(1), which provides that "[n]o person shall be in physical control of a vehicle * * * if at the time of the physical control, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶13}** Husted does not dispute that she was in physical control of a vehicle at the time Officer Shanks observed her. *See* R.C. 4511.194(A)(2), defining "[p]hysical control" as "being in the driver's position of the front seat of a vehicle * * * and having possession of the vehicle's * * * ignition key or other ignition device."

**{¶14}** Instead, Husted claims that the state failed to present sufficient evidence to establish that at the time of her physical control of the vehicle, she was "under the influence of * * * a drug of abuse." R.C. 4511.194(B)(1). As used in R.C. 4511.181 to 4511.198, "[d]rug of abuse" has the same meaning as in R.C. 4506.01. R.C. 4511.181(E). R.C. 4506.01(L) defines "[d]rug of abuse" as "any controlled substance, dangerous drug as defined in section 4729.01 of the Revised Code, or over-the-counter medication that, when taken in quantities exceeding the recommended dosage, can result in impairment of judgment or reflexes." Under R.C. 4729.01(F), a "[d]angerous drug" means:

(1) Any drug to which either of the following applies:

(a) Under the "Federal Food, Drug, and Cosmetic Act," 52 Stat. 1040 (1938), 21 U.S.C.A. 301, as amended, the drug is required to bear a label containing the legend "Caution: Federal law prohibits dispensing without prescription" or "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian" or any similar restrictive statement, or the drug may be dispensed only upon a prescription;

(b) Under Chapter 3715. or 3719. of the Revised Code, the drug may be dispensed only upon a prescription.

(2) Any drug that contains a schedule V controlled substance and that is exempt from Chapter 3719. of the Revised Code or to which that chapter does not apply;

(3) Any drug intended for administration by injection into the human body other than through a natural orifice of the human body.

{¶15} In construing the similarly worded requirement for the offense of operating a motor vehicle while under the influence of a drug of abuse under R.C. 4511.19(A)(1)(a), the General Assembly requires that the state do more than prove impairment in a vacuum; there must be some evidence "to establish a nexus between the defendant's impaired condition and any type of drug abuse." *See Cleveland v. Turner*, 8th Dist. Cuyahoga No. 99183, 2013-Ohio-3145, ¶ 13, citing *State v. Collins*, 9th Dist. Wayne No. 11CA0027, 2012-Ohio-2236, ¶ 20. In these cases where there is no physical evidence like a blood test to determine the presence and amount of a drug of abuse, courts are limited to circumstantial evidence and depending on the facts, that evidence may be insufficient to establish guilt beyond a reasonable doubt of the charged offense:

In DUI cases involving a drug of abuse where there is no physical evidence such as urine or blood test results to establish the presence of a drug of abuse, courts are limited to circumstantial evidence. In general, circumstantial evidence and direct evidence possess the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

paragraph one of the syllabus. In some instances, certain facts can only be established by circumstantial evidence. *Id.* In other cases, circumstantial evidence may not be enough to prove the defendant's guilt beyond a reasonable doubt and direct evidence is necessary.

To assist police in obtaining direct evidence of drug abuse, the legislature enacted R.C. 4511.191(A)(5)(a), which authorizes law enforcement to "employ whatever reasonable means are necessary to ensure that the person submits to a chemical test of the person's whole blood or blood serum or plasma." Notably, the statute does not require chemical test results in order to obtain a conviction. Therefore, convictions may still be obtained in the absence of blood or urine tests, if there is sufficient credible evidence to sustain the conviction.

*Turner* at ¶ 10-11.

{¶16} In *Collins* at ¶ 19-20, the Ninth District Court of Appeals found insufficient evidence to support a DUI conviction because there was no evidence that the defendant had consumed any drug of abuse:

In this case, the State failed to present sufficient evidence that Collins operated his vehicle while under the influence of a drug of abuse. While R.C. 4511.19(A)(1)(a) does not require the State to prove specific blood concentration levels, it does require the State to do more than prove impairment in a vacuum. R.C. 4511.19(A)(1)(a) specifically requires that the State demonstrate that the source of the defendant's impairment was "alcohol, a drug of abuse, or a combination of them." As neither officer who testified on behalf of the State detected that Collins was under the influence of alcohol, it was necessary for the State to demonstrate that Collins was under the influence of a "drug of abuse" as defined by the Revised Code. While the State relies on this Court's decisions in *Strebler* in support of its position that the observations of officers were adequate to establish that Collins was under the influence of a drug of abuse, we find the facts of this case distinguishable from the circumstances at issues in *Strebler.* First, and perhaps most significantly, the defendant in *Strebler* admitted to the arresting officer that he was using Methadone, a Schedule II controlled substance. *Strebler* at ¶ 12. In addition to making this admission, the defendant produced a prescription bottle from his pocket, and directed the arresting officer to a second prescription bottle in his car. *Id.* In this case, however, Collins consistently denied being under the influence of a drug of abuse and there was no evidence that prescription bottles, or any other type of drug paraphernalia, was discovered on Collins' person or in his vehicle. Thus, while this Court was able to conclude in *Strebler* that it was "undisputed" that the defendant was under

the influence of Methadone, the officers' testimony in this case did not establish that Collins was under the influence of a drug of abuse. *Id.* at ¶ 16. The instant matter is further distinguishable in that the State in *Strebler* was also able to produce the testimony of a chemist who indicated that the defendant's blood had tested positive for Methadone. *Id.* at ¶ 14. The State in this case, through no fault of its own, was unable to introduce the results of the blood draw due to the fact that the sample was lost in the mail.

While the officers testified at length regarding Collins' impaired condition and gave their respective opinions that, based on their observations, he was under the influence of some sort of illegal narcotic or drug, the State did not establish that Collins' impaired condition resulted from being under the influence of a drug of abuse. There was no evidence presented which demonstrated that Collins' condition resulted from being under the influence of a controlled substance, a harmful intoxicant, or a dangerous drug as outlined in R.C. 3719.011(A). Nor was there evidence presented which showed that Collins' condition resulted from ingesting a controlled substance, dangerous drug, or over-the-counter medication taken "in [a quantity] exceeding the recommended dosage" as contemplated by R.C. 4506.01(L). Thus, as the State did not establish a nexus between Collins' impaired condition and any type of drug of abuse, Collins' conviction must be reversed.

{¶17}  Similarly, in *Turner* at ¶ 14, the Eighth District Court of Appeals reversed a defendant's DUI conviction because the state failed to prove a nexus between the defendant's impaired condition and a drug of abuse:

In this case, police observed Turner sitting in the driver's seat with the keys in the ignition, making noises and pretending to drive the car. His vehicle was stopped in the middle of the road and was blocking two lanes of traffic. He was incoherent, unable to stand on his own, and was unable to perform field sobriety tests. His eyes exhibited a vertical nystagmus, which the officers testified is indicative of drug abuse. The state proved that Turner was impaired. However, the state failed to prove that Turner's impairment was caused by a drug of abuse. Like *Collins,* there were no drugs found in the vehicle or on Turner's person. Although Turner admitted that he had taken some medication, he did not identify the medication by name. It could have been aspirin. Therefore, because the state failed to prove a nexus between Turner's impaired condition and a drug of abuse, Turner's DUI conviction is against the manifest weight of the evidence because there was insufficient evidence.

{¶18}  And in *State v. May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, ¶ 48, the Second District Court of Appeals held that "in order to establish a violation of R.C. 4511.19(A)(1)(a) based on medication, the State must also present some evidence (1) of how the particular medication actually affects the defendant * * *and/or (2) that the particular medication has the potential to impair a person's judgment or reflexes. Without that information, a jury has no means to evaluate whether the defendant's apparent impairment was due to his or her being under the influence of that medication."

{¶19}  Finally, in *State v. Samples*, 9th Dist. Wayne No. 11CA0027, 2012-Ohio-2236, ¶ 15, the appellate court held that although three witnesses, including two state troopers, testified that a driver of a vehicle involved in an accident was impaired by a drug of abuse, they did not testify as to what specific type of drug of abuse caused his alleged impairment, there was no evidence demonstrating that the defendant's alleged impairment resulted from his ingesting a controlled substance, dangerous drug, or over-the-counter medication taken in a quantity exceeding the recommended dosage as required by R.C. 4506.01.  The court held that there was insufficient evidence to support the defendant's conviction for driving under the influence of a drug of abuse.  *Id.* at ¶ 16.

{¶20}  In sum, the precedent requires that in a prosecution for operating a vehicle or being in physical control of a vehicle while under the influence of drugs of abuse, the court must grant a Crim.R. 29 motion for judgment of acquittal if the state fails to present evidence that the defendant, even though impaired in some manner, was in fact under the influence of a drug of abuse.  *See, generally,* Weiler and Weiler, *Ohio Driving Under the Influence Law*, Section 13:21 (2013).  "This might occur in a case where

there is no test conducted that demonstrates consumption of a drug of abuse and the defendant has not admitted to the consumption of any drug of abuse." *Id.*

{¶21} Just as in the cited cases here, the state introduced no direct evidence that Husted had consumed any drug of abuse as defined in R.C. 4511.181(E) and 4506.01(L), i.e., a controlled substance, dangerous drug, or over-the-counter medication taken in quantities exceeding the recommended dosage. And although this case involved the presence of a cut-off straw that Officer Shanks testified raised his suspicion and Husted's statement to him that she had snorted drugs, there was no evidence of what drug Husted had snorted or whether the drug constituted a drug of abuse. The police could have had the straw sent for testing to determine the nature of the purported drug, but did not. Likewise, the state could have obtained a search warrant to obtain a blood test. *See* R.C. 4511.19(D)(1)(b). Again, it did not[1]. Nor is there evidence how the unspecified drug actually affects a person, including Husted, or that the particular unknown drug has the potential to impair a person's judgment or reflexes.

{¶22} Nor was there circumstantial evidence from which a trier of fact could reasonably determine that Husted had consumed a drug of abuse, e.g., a strong odor of burnt marijuana from the vehicle and the defendant, *State v. Dearth*, 4th Dist. Ross No. 09CA3122, 2010-hio-1847, an admission of consumption of prescription methadone, *State v. Strebler*, 9th Dist. Summit No. 23003, 2006-Ohio-5711, or empty prescription bottles that had been filled the same day that the defendant had been stopped for

---

[1] Before raising the spectra of "an estoppel to the prosecution of offenses pursuant to R.C. 4511.194," the state should avail itself of all the tools the legislature and the constitutions have provided law enforcement.

driving erratically. *State v. Gilleland*, 2d Dist. Champaign No. 2004 CA 1, 2005-Ohio-0659.

**{¶23}** This is a case in which there is no evidence—direct or circumstantial—about what drug was taken. Under these circumstances, there is insufficient evidence to establish that Husted was "under the influence of * * * a drug of abuse" at the time that she was in physical control of the vehicle. *See May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, ¶ 60 (Hall, J., concurring) (noting that although he disagreed with the majority's test to establish a violation of R.C. 4511.19(A)(1)(a) based on medication, the concurring judge recognized that "where there is no evidence about what, if any, drug, medicine, or substance the defendant consumed no matter how impaired," the evidence is insufficient). Because the trial court erred in denying Husted's motion for judgment of acquittal, we sustain her assignment of error.

## V. CONCLUSION

**{¶24}** The trial court erred in denying Husted's Crim.R. 29 motion for judgment of acquittal. After viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime of physical control in violation of R.C. 4511.194(B)(1) proven beyond a reasonable doubt. Having sustained Husted's assignment of error, we reverse the judgment of the trial court and remand the cause to the trial court to vacate her conviction.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


                                        For the Court


                                        BY: _____
                                              William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**