[Cite as *State v. Hammond*, 2016-Ohio-2753.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA6 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| JOHN E. HAMMOND, | : | **RELEASED: 4/22/2016** |
| Defendant-Appellant. | : | |

APPEARANCES:

Timothy P. Gleeson, Gleeson Law Office, Logan, OH, for appellant.

Adam R. Salisbury, Gallipolis City Solicitor, Gallipolis, OH, for appellee.

Harsha, J.

{¶1}   The Gallipolis Municipal Court convicted John E. Hammond of operating a motor vehicle while under the influence of drugs of abuse and sentenced him. On appeal Hammond first asserts that his OMVI conviction was not supported by sufficient evidence. We agree. The state was required to present evidence of a nexus between Hammond's consumption of the prescription drugs and his impaired condition. This can be established by the testimony of an expert who is familiar with the potential side effects of the medication or a layperson, like a friend or family member, who has witnessed the effect of the particular drug on the driver.

{¶2}   A relatively inexperienced state trooper testified affirmatively to leading questions on redirect examination that Hammond's consumption of prescription drugs impaired his ability to operate a motor vehicle to a noticeable degree. But there is no evidence that the trooper was an expert familiar with the potential side effects of the

specific medications taken by Hammond or that he was qualified to testify as a layperson about the effect of these medications on Hammond.

{¶3}    Although Hammond's wife testified that he regularly took several medications for pain, sleeping, cholesterol, and blood pressure, she did not testify that the specific medications found in his system made him sleepy; in fact, she testified that her husband's medications did not impair his driving.

{¶4}    We conclude the state failed to establish the required nexus between Hammond's impaired condition and the prescription medications he took.  We sustain Hammond's first assignment of error, reverse the judgment of the trial court, and remand the cause to the trial court to vacate her OMVI conviction and sentence.  Our decision renders Hammond's second assignment of error, which raises a manifest-weight argument, moot.

## I. FACTS

{¶5}    Trooper Matt Atwood of the Ohio State Highway Patrol issued a traffic citation charging John E. Hammond with speeding and operating a motor vehicle while under the influence of drugs of abuse.  Hammond entered a not-guilty plea to the charges.  The trial court conducted a bench trial, which produced the following evidence.

{¶6}    Trooper Atwood began working with the Ohio State Highway Patrol in April 2014.  In February 2015, he stopped Hammond, who was driving a car, for speeding—going 52 mph in a 40 mph zone.  Based on his Advanced Roadside Impaired Driving Enforcement ("ARIDE") training and ten months of experience, Atwood observed that Hammond's pupils were constricted, so he suspected drug use.  The trooper did not

notice any evidence of alcohol use by Hammond.  Trooper Atwood then proceeded to administer four different field-sobriety tests to Hammond.

{¶7}    On the horizontal-gaze nystagmus test, Trooper Atwood did not notice any clues of impairment for Hammond.

{¶8}    On the walk-and-turn test, the trooper noticed seven clues of impairment: (1) he began before being told to begin; (2) he moved his feet for balance; (3) he raised his arms for balance; (4) he did not walk heel-to-toe; (5) he stepped off the line eight times; (6) he made an improper turn; and (7) he stopped twice while walking.

{¶9}    On the one-leg-stand test, the trooper noticed four different clues of impairment for Hammond:  (1) he lost his balance; (2) he raised his arms for balance; (3) he swayed; and (4) he put his foot down.  After Hammond failed a second attempt, the trooper stopped the test for safety reasons.

{¶10}  Finally, for the Romberg balance test, Hammond's estimates of the passage of 30 seconds were off by 8 and 13 seconds.

{¶11}  Based on the field-sobriety tests Trooper Atwood opined that Hammond was under the influence of "drugs of some kind, not alcohol."  A urine sample given by Hammond disclosed the following prescription drugs in his system on the date in question:  N-Desmethyldiazepam, Oxazepam, and Temazepam.  The evidence did not disclose that Trooper Atwood was an expert or that he had personal knowledge of how the medications affected Hammond in the past. Nonetheless, in response to leading questions on redirect examination Trooper Atwood testified in conclusory fashion that the medications impaired Hammond's ability to operate a motor vehicle to a noticeable degree:

Q: Uh, sir, was Mr. Hammond operating the vehicle?

A: He was.

Q: Okay, and um, did uh, as a result of your investigation were you able to determine whether or not he had ingested substances, substances of abuse?

A: Yes.

Q: And did the laboratory results corroborate your findings there um, with the standardized field sobriety testing and your observations of the defendant's pupil size?

A: Yes.

Q: * * * Would you or would you not say that his consumption of those substances of abuse adversely and noticeably affected him?

A: Yes, I would.

Q: And did they or did they not impair his, his ability to operate a motor vehicle to a noticeable degree?

A: They did.

{¶12} Hammond, who was 70 years old at the time of the incident, has significant physical problems, including an artificial ankle, degenerative disc disease, and other ailments, and he generally walks with a cane. He has been disabled for about 25 years, after suffering two strokes. He relies on his wife, Savilla, to administer his prescription drugs to him. Savilla testified that Hammond takes various medications for pain, sleep, cholesterol, and blood pressure. But she did not testify whether any of the medications found in her husband's urine sample were taken to help him sleep; instead, she testified that for the past 15 years, Hammond has taken his medications and they did not impair his daily driving.

**{¶13}** Following the bench trial the court found Hammond guilty of operating a vehicle while under the influence of drugs of abuse and speeding. The trial court sentenced Hammond accordingly. This appeal followed.

## II. ASSIGNMENTS OF ERROR

**{¶14}** Hammond assigns the following errors for our review:

I. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION OF OVI, R.C. 4511.19(A)(1).

II. THE GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. LAW AND ANALYSIS

### A. Sufficiency of the Evidence

#### 1. Standard of Review

**{¶15}** "When a court reviews the record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "A sufficiency assignment of error challenges the legal adequacy of the state's prima facie case, not its rational persuasiveness." *State v. Koon*, 4th Dist. Hocking No. 15CA17, 2016-Ohio-416, ¶ 17.

#### 2. The Law: The Nexus Requirement

**{¶16}** "[I]n cases in which the state relies upon some evidence that the defendant consumed prescription drugs, the state must also present some evidence of

how the particular medicine actually affects a person or that the drug has the potential

to impair a person's judgment or reflexes." *See Chillicothe v. Lunsford*, 2015-Ohio-

4779, __ N.E.3d __, ¶ 15 (4th Dist.). That is, the state must prove a "nexus" between

the drug or drugs ingested and the impairment in order to establish a violation of R.C.

4511.19(A)(1)(a), which prohibits the operation of a vehicle when under the influence of

drugs of abuse. *Id.* at ¶ 6, 8, citing *State v. Husted*, 2014-Ohio-4978, 23 N.E.3d 253, ¶

15 (4th Dist.).

**{¶17}** Prescription drugs are "dangerous drugs" as defined in R.C. 4729.01(F).

"Thus, if the state were required to prove only that the defendant has consumed a

prescription drug without also having to show that the prescription drug impairs

judgment or reflexes, then a person taking any type of prescription medication who is

impaired while driving, would be guilty of violating R.C. 4511.19(A)(1)(a) regardless of

whether the prescription drug caused the impairment." *Lunsford*, 2015-Oho-4779, __

N.E.3d __, at ¶ 9. "It is not enough to show that the defendant consumed a 'controlled

substance,' or a 'dangerous drug.' The state must show that the drug consumed is one

'that can result in impairment of judgment or reflexes.' " *Id.* at ¶ 8, citing R.C.

4506.01(M).

3. Analysis: Applying the Nexus Requirement to the Facts

**{¶18}** Consequently, the state must present some evidence how the drug

actually affects a person or that the particular drug has the potential to impair a person's

judgment or reflexes. *Lunsford* at ¶ 9, quoting *Husted* at ¶ 21. "The essence of R.C.

4511.19(A)(1)(a) is to prohibit impaired driving while under the influence. It is certainly

not intended to criminalize the operation of a vehicle by a person taking a cholesterol or

blood pressure medication * * * unless that drug negatively influences the defendant's driving abilities." *State v. May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, ¶ 47. "[E]specially" in cases "involving prescription drugs," the state can only establish OMVI through direct testimony establishing the nexus between the ingestion of the drug and its impairment on driving by: (1) "the testimony of an expert who is familiar with the potential side effects of the medication" or (2) the testimony "of a layperson (such as a friend or family member) who witnesses the effect of the particular drug on the defendant-driver." *Id.*; *see also Lunsford* at ¶ 18.

{¶19} The trial court relied on Trooper Atwood's testimony in response to leading questions on redirect examination that the prescription drugs found in Hammond's urine sample impaired his ability to operate a motor vehicle to a noticeable degree. But the state introduced no evidence qualifying the relatively inexperienced trooper as an expert familiar with the potential side effects of N-Desmethyldiazepam, Oxazepam, and/or Temazepam. *See May* at ¶ 47, 50; *Lunsford* at ¶ 18. Nor did the state introduce evidence that the trooper had personal knowledge about how these medications affected Hammond in the past. *See Lunsford* at ¶ 18. Therefore, Trooper Atwood's testimony did not provide sufficient evidence to support Hammond's OMVI conviction.

{¶20} The trial court additionally relied on the testimony of Hammond's wife. But she did not specifically testify that any of the prescription drugs found in his body helped him to sleep or made him sleepy or otherwise impaired; rather, she testified that based on her observation of her husband for the past 15 years, his medications did not impair his ability to drive. Therefore, her testimony also did not supply sufficient evidence to support the OMVI conviction.

**{¶21}** Consequently, the state failed to prove that the drugs ingested by Hammond impaired his judgment or reflexes. Thus, the state failed to establish the required nexus between Hammond's impaired condition and his ingestion of the prescription medication. We sustain Hammond's first assignment of error.

B. Manifest Weight of the Evidence

**{¶22}** In his second assignment of error Hammond contends that his OMVI conviction was against the manifest weight of the evidence. Because we have already reversed his conviction for insufficient evidence, Hammond's manifest-weight argument is moot, and we need not address it. *See State v. Neal*, 2016-Ohio-64, __ N.E.3d __, ¶ 44, quoting *State v. Scott*, 4th Dist. Scioto No. 02CA2841, 2002-Ohio-7083, ¶ 14 (" 'We do not address [appellant's] argument that his conviction is against the manifest weight of the evidence as it is moot due to our finding that his conviction is supported by insufficient evidence' ").

IV. CONCLUSION

**{¶23}** The state must show a nexus between the drug ingested and the impairment suffered. "When prosecuting a charge of driving while under the influence of a drug of abuse, the state must present some evidence of how the particular medication actually affects the defendant or that the particular medication has the potential to impair a person's judgment or reflexes." *Lunsford*, 2015-Ohio-4779, __ N.E.3d __, ¶ 22; *see also* Weiler and Weiler, *Baldwin's Ohio Driving Under the Influence Law*, Section 1:28 (2015) ("The state must present some evidence (1) of how the particular medicine affects the defendant, and/or (2) that the particular medication has the potential to impair a person's judgment or reflexes. Failing this, there will be

insufficiency of evidence to sustain a conviction"). The state failed to establish the requisite nexus here, and Hammond's OMVI conviction was not supported by sufficient evidence. Having sustained Hammond's first assignment of error, we reverse the judgment of the trial court, and remand the cause to that court to vacate the OMVI conviction and sentence.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment and Opinion.
McFarland, J.: Dissents.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**